UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD SWAN,

    Petitioner,

-vs-                                                        Case No.  8:06-cv-1987-T-24TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

O R D E R

This cause is before the Court on Petitioner Leonard Swan's 28 U.S.C. § 2254 petition for writ of habeas corpus.  Swan challenges his conviction and sentence entered by the Circuit Court for Thirteenth Judicial Circuit, Hillsborough County, Florida.

Background

Swan was indicted for first degree murder. However, after a jury trial, the jury found him guilty of the lesser offense of third degree murder.  On August 28, 1998, he was adjudicated an habitual felony offender and sentenced to thirty years incarceration.

Swan appealed. On December 10, 1999, the state district court of appeal per curiam affirmed Swan's conviction and sentence. *Swan v. State*, 748 So. 2d 277 (Fla. 2d DCA 1999)[Table].  Swan did not seek rehearing, nor did Swan pursue certiorari review.

On October 25, 2000, Swan, through retained counsel, filed a Rule 3.850 motion for postconviction relief in which he raised seven grounds of ineffective assistance of counsel. (Resp. Ex. 5, V 1 R 26-36).  The state trial court summarily denied grounds one, three, four, and seven.

On August 22, 2002, the state trial court held an evidentiary hearing on grounds two, five, and six.  On October 28, 2002, the state trial court denied the Rule 3.850 motion in its entirety.  Swan appealed the denial of Rule 3.850 relief.

On March 22, 2006, the state district court of appeal per curiam affirmed the state trial court's denial of Rule 3.850 relief. *Swan v. State*, 928 So. 2d 349 (Fla. 2nd DCA 2006)[table]. Following denial of rehearing, the mandate issued May 16, 2006.

Swan signed the present pro se 28 U.S.C. § 2254 petition on October 16, 2006.  The petition is untimely.

## Discussion

Swan's October 16, 2006, petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA imposes a one-year limitations period on all habeas corpus petitions, which in most cases, as in Swan's, begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). *Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002).

The time during which a 'properly filed' application for state postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the limitation period. See 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000). Under *Artuz*, the Court looks to the state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed." *Wade v. Battle*, 379 F.3d 1254, 1259-1260 (11th Cir. 2004).

For purposes of § 2244(d), Swan's judgment became final on March 9, 2000; that is, upon expiration of the time for seeking certiorari review following the December 10,

1999, silent affirmance in his direct appeal.[1] *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (indicating AEDPA limitations period did not begin to run until the ninety-day window during which habeas petitioner could have petitioned the Supreme Court for a writ of certiorari expired). Thereafter, Swan allowed an aggregate period of 229 days to elapse which was not tolled before his counsel filed the Rule 3.850 motion on October 25, 2000.

Swan's AEDPA limitations period resumed upon issuance of the May 16, 2006, mandate in his appeal of denial of Rule 3.850 relief. A period of 153 days which was not tolled elapsed before he signed the instant petition dated October 16, 2006. By then, his limitations period had expired, as an aggregated period of 382 days had elapsed which was not tolled. There being insufficient statutory tolling of the limitations period and no basis to reset his AEDPA time-clock, Swan's federal petition is time-barred.

The Supreme Court has never squarely addressed the question of whether equitable tolling is applicable to AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (because respondent assumed equitable tolling applied and because petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case). Swan has not demonstrated any extraordinary circumstances that would entitle him to equitable tolling.[2] Swan unjustifiably delayed in

---

[1] The entry of judgment, and not the issuance of the mandate, is the event which starts the running of time for seeking United States Supreme Court review, within the meaning of Sup. Ct. R. 13.3 and 28 U.S.C. § 2244(d)(1)(A). *See Chavers v. Sec'y, Fla. Dep't of Corr.*,No. 05-15163, 2006 U.S. App. LEXIS 26990; 2006 WL 3068840 (11th Cir. Oct. 31, 2006).

[2] The Eleventh Circuit has held that equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his petition. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, "it is 'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence' " *Drew v. Dep't of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002).

(continued...)

filing his rule 3.850 motion. Additionally, he unreasonably delayed following issuance of the mandate in his collateral appeal before filing his federal petition. Swan has not alleged a sufficient basis upon which to conclude he used due diligence in seeking federal habeas corpus relief in a timely manner.

Accordingly, the Court orders:

That Swan's petition is denied, with prejudice, as time-barred.  The Clerk is directed to enter judgment against Swan and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

---

[2](...continued)

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 1, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record

Leonard Swan